# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1461

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| James William Rogers, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 16, 2004
Filed: March 16, 2005

_____

Before MELLOY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The district court granted James William Rogers's motion for a downward departure under U.S.S.G § 5K2.0, after he pled guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The United States appeals, claiming an absence of extraordinary or atypical rehabilitation. Jurisdiction being proper under 18 U.S.C. § 3742(b) and 28 U.S.C. § 1291, this court reverses and remands.

Eight months after Rogers was paroled on a state felony drug charge, a conservation agent found him in possession of a rifle after he had been deer hunting.

Despite Rogers's pleas, the agent confiscated the rifle and contacted the parole officer.

The pre-sentence report assigned a total offense level 17 and criminal history category VI, resulting in a sentence range of 51 to 63 months. Rogers moved for a downward departure based on extraordinary post-offense rehabilitation. At sentencing, he presented 13 letters from friends and family stating that he had turned his life around by caring for his dying father, rebuilding his fiancee's home (which the insurance company paid him to do), and remaining drug-free for four years (including completion of drug-rehabilitation and group-therapy programs). A petition signed by 186 persons recited that Rogers "has changed his life," and asked for leniency in sentencing. The district court granted Rogers's motion, imposing five years probation.

After an adjustment – per the plea agreement – under U.S.S.G § 3E1.1 for acceptance of responsibility, the district court based its departure on U.S.S.G § 5K2.0, extraordinary rehabilitation. The government appeals.

While this appeal was pending, the Supreme Court held that the Federal Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 125 S.Ct. 738, 756-57 (2005). The guideline range "no longer dictates the final sentencing result but instead is an important factor that the sentencing court is to consider along with the factors contained in § 3553(a) in reaching the sentencing result." *United States v. Rodriguez*, 2005 WL 272952, at *9 (11th Cir. Feb. 4, 2005), *citing Booker*, 125 S.Ct. at 764-65. A sentencing court must consider the Guidelines, determine the applicable range, but may depart from the suggested Guideline range. *United States v. Mares*, 2005 WL 503715, at *7 (5th Cir. Mar. 4, 2005). Sentences are reviewed for unreasonableness. *Booker*, 125 S.Ct. at 765-66. The standard guiding unreasonableness is 18 U.S.C. § 3553(a). *Id.*

A departure under section 5K2.0 is proper where a district court finds "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." **18 U.S.C. § 3553(b)**, *see also* **U.S.S.G § 5K2.0(a)(3)**. Because the Commission accounted for ordinary post-offense rehabilitation under section 3E1.1, a defendant's rehabilitation must be exceptional enough to be atypical. *See* **§ 5K2.0(d)(2)**, *United States v. DeShon*, 183 F.3d 888, 889 (8th Cir. 1999). The district court must explain any extraordinary or atypical factors justifying departure. **§ 5K2.0(e)**, *citing* **18 U.S.C. § 3553(c)(2)**.

The facts in this case do not show extraordinary or atypical rehabilitation justifying a downward departure. Rogers's reuniting with family and remaining drug-free, while commendable, are not extraordinary or atypical. *See United States v. Patterson* 315 F.3d 1044, 1049 (8th Cir. 2003). In the absence of extraordinary or atypical post-offense rehabilitation, the departure was impermissible. However, because the Guidelines are not mandatory, the sentence is reviewed for unreasonableness.

The sentence is unreasonable when measured against the factors of reasonableness set forth in section 3553(a). The possessing-rifle-after-hunting is Rogers's second parole violation in eight months. Earlier, Rogers was found trespassing in a restricted area at Truman Dam, while two men – also on probation for manufacturing a controlled substance – fished nearby with his son in a no-fishing area. Trespassing with felons does not demonstrate respect for the law. *See* **18 U.S.C. § 3553(a)(2)(A)**.

Rogers's second parole violation illustrates that parole/probation is not adequate deterrence. *See* **18 U.S.C. § 3553(a)(2)(B)**. He understood the terms of parole, yet knowingly possessed the rifle. Moreover, as the violations show, probation would not protect the public from criminal conduct. *See* **18 U.S.C. § 3553(a)(2)(C)**.

The sentence of probation does not adequately address the history and characteristics of the defendant. *See* **18 U.S.C. § 3553(a)(1)**. Aside from (admitted) use of marijuana, cocaine, and methamphetamine, Rogers has convictions for assault, stealing, resisting arrest, attempting to manufacture methamphetamine, and trespassing. While the district court was not bound to the suggested range of 51 to 63 months imprisonment, probation is unreasonable.

The sentence of probation does not properly consider Congress's desire to avoid unwarranted sentencing disparities. *See* **18 U.S.C. § 3553(a)(6)**. It is unreasonable to expect that defendants with similar records, guilty of similar conduct, would receive probation.

By the factors in section 3553(a), the district court's sentence was unreasonable. The judgment is VACATED and REMANDED for re-sentencing.

_____