# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1865

_____

United States of America,        *
                                     *

    Plaintiff - Appellant,     *
                                     *   Appeal from the United States

v.                           *   District Court for the
                                   *   Western District of Missouri.

Manuel Earl Gatewood,     *
                                     *

    Defendant - Appellee.     *

_____

Submitted: December 13, 2005
Filed: February 27, 2006

_____

Before LOKEN, Chief Judge, WOLLMAN and RILEY, Circuit Judges.

_____

LOKEN, Chief Judge.

Manuel Gatewood pleaded guilty to being a felon in possession of a firearm. The district court sentenced him to 36 months in prison, substantially below the advisory guidelines sentencing range of 63 to 78 months. The United States appeals. We agree the sentence is unreasonable and therefore remand for resentencing.

Gatewood entered a grocery store in Camdenton, Missouri in March 2004. He asked the cashier for change, removing a shotgun from his coat when she opened the register. He stuck the shotgun in the cashier's chest, said "don't fucking move," and grabbed over $1600 from the register. The shotgun had been stolen from a local

business where Gatewood formerly worked.  After Gatewood pleaded guilty to being a felon in possession, the government dismissed a charge of possession of a stolen firearm.  A state charge of robbery was awaiting trial.

The district court held a sentencing hearing two weeks after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).  The district court determined that Gatewood's guidelines sentencing range is 63 to 78 months in prison. Gatewood then argued that, under Booker, the court had discretion to sentence him anywhere within the statutory range (zero to ten years).  Gatewood urged a 36-month sentence to be served concurrently with any sentence Gatewood received in the pending state criminal proceedings.  The district court, without explanation, imposed a concurrent 36-month sentence.

Under Booker, the sentencing guidelines are no longer a mandatory regime. Instead, the district court must take the advisory guidelines into account together with other sentencing factors enumerated in 18 U.S.C. § 3553(a).  543 U.S. at 259-60.  In fashioning an appropriate sentence, the district court must first calculate the applicable guidelines sentencing range.  United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied 126 S. Ct. 276 (2005).  The court may then impose a sentence outside the range in order to "tailor the sentence in light of [the] other statutory concerns" in § 3553(a).  Booker, 543 U.S. at 245-46.

When the district court has correctly determined the guidelines sentencing range, as in this case, we review the resulting sentence for reasonableness.  This standard is akin to our traditional review for abuse of discretion.  Because the Guidelines are fashioned taking the other § 3553(a) factors into account and are the product of years of careful study, the guidelines sentencing range, though advisory, is presumed reasonable.  See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005); United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005).  When the district court has varied from the guidelines range based upon its analysis of the other

§ 3553(a) factors, we must examine whether "the district court's decision to grant a § 3553(a) variance from the appropriate guidelines range is reasonable, and whether the extent of any § 3553(a) variance . . . is reasonable." United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005); see Haack, 403 F.3d at 1004. A "range of reasonableness" is within the court's discretion. United States v. Saenz, 428 F.3d 1159, 1165 (8th Cir. 2005).

For this court to properly carry out the appellate review mandated by Booker, it is essential that the district court explain the reasons why it has imposed a sentence outside the guidelines sentencing range in a particular case. See 18 U.S.C. § 3553(c)(2); United States v. McMannus, No. 04-3560, 2006 WL 250240 (8th Cir. Feb. 3, 2006). We do not require a rote recitation of each § 3553(a) factor, but the court should explain both the decision to vary and the extent of the variance. United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006). "Sentences varying from the guidelines range . . . are reasonable so long as the judge offers appropriate justification under the factors specified in 18 U.S.C. § 3553(a). How compelling that justification must be is proportional to the extent of the difference between the advisory range and the sentence imposed." United States v. Johnson, 427 F.3d 423, 426-27 (7th Cir. 2005) (citation omitted); see United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005).

In this case, the district court sentenced Gatewood only two weeks after Booker was decided, before these principles even began to evolve. The court granted a substantial downward variance -- forty-three percent below the bottom of the advisory guidelines range -- with no explanation of why this sentence is warranted by the other § 3553(a) factors. Moreover, our review of the record suggests that Gatewood is hardly the sort of felon-in-possession offender who warrants a substantial downward variance. He used a stolen shotgun to aggressively threaten a grocery store cashier while robbing the store. The violent nature of this relevant conduct argues against leniency. Gatewood's prior criminal history, while not egregious, does not justify

-3-

extreme leniency. Gatewood argues that the sentence is reasonable because of his history of drug abuse. But the Guidelines prohibit departures based upon drug dependence or abuse because "[s]ubstance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. § 5H1.4 (policy statement); see U.S.S.G. § 5K2.0(d)(1) (policy statement). While a guidelines departure prohibition does not preclude the district court from considering that factor when the issue is a variance under Booker, the Sentencing Commission's policy statements show the need to explain why a particular defendant's drug problems warrant extreme leniency. Gatewood has a lengthy history of drug abuse without the extraordinary and successful effort to turn his life around demonstrated by the defendant in United States v. Kicklighter, 413 F.3d 915, 917 (8th Cir. 2005), where the court imposed the mandatory minimum sentence of 120 months rather than the bottom of the guidelines sentencing range, 188 months.

On this record, we conclude that the substantial downward variance to a 36-month sentence results in punishment that does not accurately reflect the seriousness of Gatewood's offense conduct and does not afford adequate deterrence or protect the public from further crimes by this defendant. 18 U.S.C. § 3553(a)(2). In addition, the sentence fails to avoid unwarranted sentencing disparity among defendants with similar criminal histories who have illegally possessed stolen firearms to commit armed robberies. See 18 U.S.C. § 3553(a)(6); United States v. Rogers, 400 F.3d 640, 642 (8th Cir. 2005), cert. denied 126 S. Ct. 1020 (2006). Accordingly, the sentence is unreasonable. The judgment of the district court is reversed and the case is remanded for resentencing.

_____