# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1969

_____

United States of America,      *
       *
     Plaintiff - Appellee,      *
       *   Appeal from the United States
     v.      *   District Court for the District
       *   of Minnesota.
Arash Allaei,      *
       *      [UNPUBLISHED]
     Defendant - Appellant.      *

_____

Submitted: March 13, 2006
Filed: March 16, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arash Allaei pled guilty to conspiracy to manufacture and cultivate in excess of 100 marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The district court[1] sentenced him to 24 months imprisonment. Allaei appeals, asserting that his sentence was imposed without consideration of United States v. Booker, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a). We affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Allaei's plea agreement specified a base offense level of 20, stated that the government would recommend a 3 level reduction for acceptance of responsibility, and acknowledged that the court could grant a safety valve reduction. The agreement declared that the adjusted offense level would be 15 if the safety valve were granted, corresponding to a guideline range of 18 to 24 months. The presentence report disagreed with the total offense level of 15, finding that the offense level could not be less than 17 given the five year statutory minimum under 21 U.S.C. § 841(b)(1)(B). See U.S.S.G. § 5C1.2(b).

At sentencing Allaei moved for a downward departure based on aberrant conduct and unique circumstances which the government opposed. The district court set a base offense level of 17, gave Allaei the benefit of the safety valve, and computed the guideline range at 24 to 30 months. The court declined to depart after finding the factors cited by Allaei not sufficiently extraordinary or atypical and after considering Allaei's "extraordinary advantages", "family support", and lack of financial need. It imposed a sentence of 24 months, the bottom of the guideline range.

Allaei asserts that the district court failed to recognize that the sentencing guidelines are not binding after Booker, but adhered strictly to them rather than considering the § 3553(a) factors and the facts of his case including his educational status, successful operation of a business, remaining drug free, and cooperation with authorities. He claims that the court therefore did not comply with the sentencing procedures set out in United States v. Haack, 403 F.3d 997, 1002 (8th Cir. 2005), and United States v. Hadash, 408 F.3d 1080, 1083 (8th Cir. 2005). The government contends that Allaei cannot appeal his sentence since it falls within the sentencing range foreseen in his plea agreement, see generally United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995), and also argues that the record demonstrates that the district court understood that the guidelines are advisory and the sentence must be reasonable.

The district court did not choose to depart based on aberrant conduct and it found Allaei's circumstances not so extraordinary, particularly considering the advantages he has had in life. The court stated several reasons for its sentencing decision, citing United States v. Rogers, 400 F.3d 640 (8th Cir. 2005) (court obliged to consider the § 3553(a) factors), and recognized that after Booker a sentence must be reasonable. After reviewing the record, we conclude the district court did not err or abuse its discretion in sentencing Allaei and that his sentence was not unreasonable.

Accordingly, we affirm the judgment.

_____