# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2836

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | Appeal from the United States |
| Plaintiff - Appellee, | * | District Court for the |
| | * | Eastern District of Missouri. |
| v. | * | |
| | * | |
| Dan Kendall, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: February 17, 2006
Filed: May 2, 2006

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Dan Kendall appeals his sentence by arguing both the district court improperly failed to apply the correct guidelines and the sentence is unreasonable. We reverse and remand for resentencing.

I

Kendall pleaded guilty to knowingly possessing equipment, chemicals, products, and materials used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6). He was originally sentenced to eighty-four months imprisonment

under the United States Sentencing Guidelines (U.S.S.G.) based on his Career Offender status. His Career Offender designation was based on a prior conviction for distribution of methamphetamine and a prior felony conviction for driving while intoxicated.

Kendall previously appealed the application and constitutionality of the sentence. After his first sentencing, we decided United States v. Walker, 393 F.3d 819 (8th Cir. 2005), and United States v. McCall, 397 F.3d 1029 (8th Cir. 2005), which held the crime driving while intoxicated was not a crime of violence—and thus Kendall did not qualify as a career offender under U.S.S.G. § 4B1.1.[1] We remanded for resentencing. On remand, Kendall received the same sentence, eighty-four months. Kendall appeals.

## II

We review a decision to depart upward under the advisory guidelines for an abuse of discretion. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). The ultimate sentence is reviewed for reasonableness. United States v. Booker, 125 S.Ct. 767 (2005). We have likened post-Booker reasonableness review to the abuse of discretion standard of review. United States v. Rogers, 423 F.3d 823, 829 (8th Cir. 2005).

---

[1]Since then the court, sitting en banc, reconsidered McCall and held the felony crime of *driving* while intoxicated can be a crime of violence. See United States v. McCall, 439 F.3d 967 (8th Cir. 2006) (en banc). It is unclear from the state of the record before us whether Kendall's felony conviction for driving while intoxicated qualifies as such. See McCall, 439 F.3d 967 (distinguishing between driving and operating a motor vehicle, noting the Supreme Court of Missouri has construed the Missouri DWI statutory term "operates" to include both driving a vehicle and merely causing the vehicle to function by starting its engine, the latter of which does not risk physical harm to others).

A

Kendall first argues the district court improperly failed to determine whether a traditional departure was available under U.S.S.G. § 4A1.3. He argues the district court circumvented the policy of calculating whether an upward departure was warranted under § 4A1.3 by instead varying upwards based on 18 U.S.C. § 3553(a). See United States v. Haack, 403 F.3d 997, 1002-1003 (8th Cir. 2005) ("[T]he sentencing court must first determine the appropriate guidelines sentencing range, . . . Once the applicable range is determined, the court should then decide if a traditional departure is appropriate under Part K and/or § 4A1.3 of the Federal Sentencing Guidelines. Those considerations will result in a 'guidelines sentence.' Once the guidelines sentence is determined, the court shall then consider all other factors set forth in § 3553(a) to determine whether to impose the sentence under the guidelines or a non-guidelines sentence.").

Kendall's argument is without merit. Kendall cites no authority for the proposition a sentencing court is not entitled to vary upwards under § 3553(a) despite failing to depart upwards under § 4A1.3. Cf. United States v. Shannon, 414 F.3d 921, 923 (8th Cir. 2005) ("Since Booker, we have explained that in imposing sentence under the new regime, a district court should determine the advisory guideline sentencing range, . . . [including] any appropriate departures from the guidelines. . . . [and] also may vary from the advisory guideline range based on the factors set forth in § 3553(a), so long as such a variance is reasonable." (citations omitted)).

B

Kendall next argues his sentence was unreasonable under § 3553(a). He notes the advisory range was twenty-seven to thirty-three months given his total offense level of twelve with, assuming he is not a career offender, his eleven criminal history points and thus criminal history category V. Nonetheless, he was sentenced to eighty-

-3-

four months, an increase of 155%, or more than eight offense levels, from the maximum guidelines range. This increase is "extraordinary." See United States v. Enriquez, 205 F.3d 345, 348 (8th Cir.2000) (observing a fifty percent downward departure was an "extraordinary" sentence reduction) (cited in, e.g., United States v. Saenz, 428 F.3d 1159, 1162 (8th Cir. 2005)).

An extraordinary departure "must be supported by extraordinary circumstances." United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005). The district court focused on the seriousness of methamphetamine manufacture and Kendall's criminal record in varying upwards. To the extent the district court discussed the seriousness of methamphetamine manufacture, there is nothing which sets Kendall's case apart from any other methamphetamine case. Moreover, as the district court noted, he was "low on the chain" and not actually involved in methamphetamine manufacture.

Regarding Kendall's criminal record: at 17, he was convicted of second degree burglary and stealing; at 22, he was convicted of careless driving and driving while impaired; at 29, he was convicted of driving while intoxicated; at 30, he was convicted of driving while intoxicated; at 32 he was convicted of the felony driving while intoxicated (persistent offender) and misdemeanor possession of a controlled substance. This is not the type of extraordinary record to justify an extraordinary variance. Cf. United States v. Shannon, 414 F.3d 921, 924 (8th Cir. 2005) (upholding a sentence of fifty-eight months when the defendant had an advisory guideline range of six to twelve months because the defendant possessed a seriously under-represented criminal history).

A review of the 18 U.S.C. § 3553(a) factors demonstrate no extraordinary circumstances exist here; the facts of this case do not warrant such a substantial upward variance. Thus, the district court erred in sentencing Kendall to eighty-four months imprisonment.

## III

For the foregoing reasons, we reverse and remand for resentencing.

_____