# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3148

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| James William Rogers, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: April 19, 2006
Filed: May 25, 2006

_____

Before WOLLMAN, HANSEN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eight months after being paroled on a state felony drug charge, James William Rogers was found in possession of a rifle after deer hunting. Despite his pleas, the conservation agent confiscated the weapon and notified his parole officer. Rogers pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). At his first sentencing, the district court imposed five years probation, granting a downward departure from the sentencing guideline range of 51 to 63 months. The government appealed. This court reversed, finding the departure impermissible and the sentence unreasonable. See United States v. Rogers, 400 F.3d 640, 641-42 (8th Cir. 2005).

On remand, Rogers submitted all the evidence from the first sentencing, plus two additional letters. His state probation officer wrote that over the preceding 15 months, Rogers had reported as directed, not violated the law, and complied with her requests. She recommended continuing his probation. In a second letter, a business partner and friend praised Rogers's compassion, concern and love for community and family (especially his younger son who would be "lost" without his oversight). The district court also noted that 21 members of Rogers's community were present in court.[1]

The district court re-sentenced Rogers to twelve months and one day imprisonment, followed by supervised release for three years. The United States appeals, claiming the sentence is unreasonable. This court reviews the "sentence for reasonableness, a standard akin to our traditional review for abuse of discretion." United States v. Lazenby, 439 F.3d 928, 931-32 (8th Cir. 2006); see also United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

Sentences varying from the guidelines range are reasonable if the district court offers justification based on the factors in 18 U.S.C. § 3553(a). See Lazenby, 439 F.3d at 932; see generally United States v. Booker, 543 U.S. 220, 259-60 (2005); United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005). "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing." Booker, 543 U.S. at 261; see United States v. Myers, 439 F.3d 415, 418-19 (8th Cir. 2006), United States v. Engler, 422 F.3d 692, 696-97 (8th Cir. 2005). Although the court need not categorically rehearse each factor, "the further the judge's sentence departs from the guidelines sentence, the more compelling the section 3553(a) justification must be." United States v. Givens, 443 F.3d 642, 646 (8th Cir. 2006). "How

---

[1]This Court's opinion overstated the parole violation that preceded the possessing-rifle-after-hunting violation. See Rogers, 400 F.3d at 642. Rogers has at all times admitted he trespassed in a restricted area, but claimed he did not know the other two adults involved were felons.

compelling that justification must be is proportional to the extent of the difference between the advisory range and the sentence imposed." <u>Lazenby</u>, 439 F.3d at 932, <u>citing</u> <u>United States v. Johnson</u>, 427 F.3d 423, 426-27 (7th Cir. 2005).

The twelve-month-and-one-day sentence here is 76% below the 51-month bottom of the advisory guidelines range. "An extraordinary reduction must be supported by extraordinary circumstances." <u>United States v. Dalton</u>, 404 F.3d 1029, 1033 (8th Cir. 2005). At the re-sentencing, the district court did not use the factors in § 3553(a) to guide sentencing. Instead, it imposed the lowest sentence it thought might "pass scrutiny" with this court. Rogers argues that at re-sentencing his counsel did review some of the 3553(a) factors. The district court, however, never mentions or acknowledges any of these factors at the re-sentencing. "We will not infer a reasoned exercise of discretion from a record that suggests otherwise or is silent." <u>Id</u>.

The judgment is reversed. In order that further sentencing may be just under the circumstances, the case is remanded for re-sentencing by a different judge. <u>See</u> <u>Liteky v. United States</u>, 510 U.S. 540, 554 (1994), <u>citing</u> 28 U.S.C. § 2106.

_____