# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-1283

_____

United States of America,                    *
                                             *
            Appellee,                        *
                                             *   Appeal From the United States
      v.                                     *   District Court for the
                                             *   Western District of Arkansas.
Mathew Meyer, also known as                  *
Mathew Salem,                                *
                                             *
            Appellant.                       *

_____

Submitted: June 13, 2006
Filed: July 11, 2006

_____

Before SMITH, HEANEY, and GRUENDER, Circuit Judges.

_____

HEANEY, Circuit Judge, with whom SMITH and GRUENDER, Circuit Judges, join,
      with the exception of footnote 3.

      Mathew Meyer pled guilty to one count of using a minor to produce a sexually
explicit videotape, in violation of 18 U.S.C. § 2251(a). The district court[1] sentenced
Meyer to 270 months of imprisonment followed by a lifetime of supervised release.

_____

[1]The Honorable Richard T. Dawson, United States District Judge for the
Western District of Arkansas.

Meyer's guidelines sentence was 180 months.[2]  He appeals his sentence, and we affirm.

Meyer first argues that the district court erred by imposing a sentence outside his guidelines range without adequate notice.  In advancing this claim, Meyer relies on Federal Rule of Criminal Procedure 32(h).  That rule requires the court to provide the parties with reasonable notice that it is contemplating a departure from the defendant's guidelines range.  Fed. R. Crim. P. 32(h).  It does not, however, apply to sentences that are imposed outside of the guidelines range based on the factors enunciated in 18 U.S.C. § 3553(a).  United States v. Long Soldier, 431 F.3d 1120, 1122 (8th Cir. 2005).  Moreover, our review of the record indicates that the notice Meyer received satisfied due process:  he was aware of the minimum and maximum penalties for his offense; was apprized of the guidelines range suggested by the presentence report; understood that the district court might not accept the guidelines calculations of the government, probation office, or himself; and acknowledged the district court was not bound to impose a sentence within his guidelines range.  Accord United States v. Egenberger, 424 F.3d 803, 805-06 (8th Cir. 2005).

Meyer next argues that his sentence is unreasonable.  We review the district court's sentence for reasonableness, which is "akin to . . . abuse of discretion review." United States v. Rogers, 423 F.3d 823, 829 (8th Cir. 2005) (quoting United States v. Hadash, 408 F.3d 1080, 1083 (8th Cir. 2005)).  A district court imposes an unreasonable sentence when it relies significantly on impermissible factors, fails to account for permissible factors, or otherwise commits a clear error of judgment. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005).

---

[2]Meyer's guidelines range was 121 to 151 months, but he was subject to a fifteen-year, mandatory minimum sentence on account of his offense of conviction. 18 U.S.C. § 2251(e).  When the statutory minimum sentence is higher than the guidelines range, the statutory sentence "shall be the guideline sentence."  USSG § 5G1.1(b).

Our circuit presumes a sentence within the advisory guidelines range is reasonable. United States v. Lazenby, 439 F.3d 928, 932 (8th Cir. 2006); United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2006). A sentence that varies from the guidelines may be reasonable, so long as the sentencing court offers justification for the variance that is proportionately compelling to the extent of the variance. Claiborne, 439 F.3d at 481. Thus, when a variance represents an extraordinary departure from the guidelines range, whether higher or lower, it must be accompanied by extraordinary reasons.[3] United States v. Gall, 446 F.3d 884, 889 (8th Cir. 2006).

---

[3]While one might expect that a symmetric review of this nature would lead to consistent results, the author of this opinion notes that this does not appear to be the case. In the year and a half since the Supreme Court found the mandatory federal guidelines regime unconstitutional in United States v. Booker, 543 U.S. 220 (2005), our court has affirmed twelve sentences that exceeded the recommended guidelines range, including the instant case, but reversed only one. Compare United States v. Lyons, 2006 WL 1667635 (8th Cir. June 19, 2006) (affirming upward variance), United States v. Little Hawk, 2006 WL 1527155 (8th Cir. June 6, 2006) (same), United States v. Ademi, 439 F.3d 964 (8th Cir. 2006) (same), United States v. Kelly, 436 F.3d 992 (8th Cir. 2006) (same), United States v. Sitting Bear, 436 F.3d 929 (8th Cir. 2006) (same), United States v. Larrabee, 436 F.3d 890 (8th Cir. 2006) (same), United States v. Hawk Wing, 433 F.3d 622 (8th Cir. 2006) (same), United States v. Long Soldier, 431 F.3d 1120 (8th Cir. 2005) (same), United States v. Winters, 416 F.3d 856 (8th Cir. 2005) (same), United States v. Shannon, 414 F.3d 921 (8th Cir. 2005) (same), and United States v. Schwalk, 412 F.3d 929 (8th Cir. 2005) (finding an upward departure would also qualify as a reasonable variance from the guidelines range), with United States v. Kendall, 446 F.3d 782 (8th Cir. 2006) (reversing an upward variance as unreasonable).

Meanwhile, when it comes to sentences that are lower than the guidelines range, just the opposite trend has emerged. Our circuit has reversed sixteen of these sentences, and has affirmed only three. Compare United States v. Ture, 2006 WL 1596754 (8th Cir. June 13, 2006) (reversing downward variance), United States v. Rogers, 2006 WL 1420386 (8th Cir. May 25, 2006) (per curiam) (same), United States v. Gall, 446 F.3d 884 (8th Cir. 2006) (same), United States v. Bradford, 447 F.3d 1026 (8th Cir. 2006) (same), United States v. Bryant, 446 F.3d 1317 (8th Cir. 2006) (same), United States v. Bueno, 443 F.3d 1017 (8th Cir. 2006) (same), United States

v. Givens, 443 F.3d 642 (8th Cir. 2006) (same), United States v. Goody, 442 F.3d 1132 (8th Cir. 2006) (same), United States v. Lazenby, 439 F.3d 928 (8th Cir. 2006) (reversing a defendant's downward variance as unreasonable), United States v. Claiborne, 439 F.3d 479 (8th Cir. 2006) (same), United States v. Gatewood, 438 F.3d 894 (8th Cir. 2006) (same), United States v. Shafer, 438 F.3d 1225 (8th Cir. 2006) (same), United States v. McMannus, 436 F.3d 871 (8th Cir. 2006) (same), United States v. Saenz, 428 F.3d 1159 (8th Cir. 2005) (same), United States v. Dalton, 404 F.3d 1029 (8th Cir. 2005) (same), and United States v. Haack, 403 F.3d 997 (8th Cir. 2005) (same), with United States v. Kicklighter, 413 F.3d 915 (8th Cir. 2005) (affirming downward variance), United States v. Hadash, 408 F.3d 1080 (8th Cir. 2005) (same), and United States v. Pizano, 403 F.3d 991 (8th Cir. 2005) (same).

Certainly, other considerations may reconcile the disparity in our court's disposition of these cases. Perhaps the United States Attorney does not regularly appeal downward variances, although the statistics indicate there are nearly as many appeals by the government as there are by defendants when a court sentences outside the guidelines range. It could be that the guidelines, which our court has noted "are fashioned taking the other [18 U.S.C.] § 3553(a) factors into account and are the product of years of careful study," United States v. Gatewood, 438 F.3d 894, 896 (8th Cir. 2006), nonetheless regularly fail to account for factors which would warrant higher sentences. I would hope that such a "careful study" as the Sentencing Commission has undertaken would have accounted for such factors.

Affirming upward variances at a rate of 92.3% while affirming downward variances at a rate of 15.8% could hardly be viewed as uniform treatment, and seems contrary to 18 U.S.C. § 3553(a)(6)'s concern with eliminating unwarranted sentence disparity. It is consistent, however, with our circuit's disposition of sentence departures before Booker. See United States v. Yirkovsky, 338 F.3d 936, 942-44 (8th Cir. 2003) (Heaney, J., dissenting) (noting that the Eighth Circuit affirmed upward departures at a rate much higher than with downward departures). It is difficult to accept that § 3553(a)(6) is satisfied where a circuit treats sentencing appeals in a consistently disparate manner.

The views reflected in this footnote belong solely to its author and are in no way intended to reflect those of this panel or the court.

Meyer's sentence represented a fifty percent increase from his guidelines range. This is an extraordinary variance from the presumptive sentencing range. See United States v. Bryant, 446 F.3d 1317, 1319-20 (8th Cir. 2006) (characterizing a fifty-seven percent variance as extraordinary); United States v. Larrabee, 436 F.3d 890, 892-93 (8th Cir. 2006) (fifty-four percent variance is extraordinary); see also United States v. Kendall, 446 F.3d 782, 785 (8th Cir. 2006) (citing with approval United States v. Enriquez, 205 F.3d 345, 348 (8th Cir. 2000), which considered a fifty percent departure to be extraordinary). Thus, the sentence may only stand if accompanied by extraordinary circumstances.

Recent amendments to the sentencing guidelines convince us that the district court was within its discretion to impose the 270-month sentence Meyer received. The district court applied the 2003 version of the guidelines to calculate his offense level. As noted, this resulted in a guidelines range of 121 to 151 months, modified by his statutory minimum sentence of 180 months. Had the 2004 version of the guidelines been used instead of the 2003 guidelines, Meyer would have faced a mandatory 360-month sentence.[4] While our court cannot retrospectively apply enhancing amendments to the guidelines in order to calculate the defendant's guidelines range, such amendments are instructive as to whether a sentence outside of the guidelines falls within the range of reasonableness. See Larrabee, 436 F.3d at 893-94 (affirming a fifty-four percent upward variance in part because recent amendments to the guidelines would have put the sentence in the amended guidelines range). We cannot say that a 270-month sentence is unreasonable because the offense conduct occurred in 2003, where that same sentence would have represented a significant downward variance just a year later. Thus, while certainly not obligated

---

[4]Under the 2004 version of the guidelines, Meyer's offense level was 43, for a mandatory term of life imprisonment. The statutory maximum for his offense, however, is thirty years. 18 U.S.C. § 2251(e). Accordingly, his guidelines range would have been 360 months. USSG § 5G1.1(a).

to impose a sentence outside the guidelines range, the district court was within its discretion to do so.

For the reasons stated above, we affirm the district court's imposition of a 270-month sentence in this case.

_____