# United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 06-3584

_____

|                                   |     |                                                    |
|-----------------------------------|-----|----------------------------------------------------|
|                                   | *   |                                                    |
|                                   | *   |                                                    |
| United States of America,         | *   |                                                    |
|                                   | *   |                                                    |
| Appellee,                         | *   |                                                    |
|                                   | *   |                                                    |
| v.                                | *   |                                                    |
|                                   | *   |                                                    |
| Ashanti Nadjari Washington,       | *   |                                                    |
|                                   | *   |                                                    |
| Appellant.                        | *   |                                                    |
|                                   | *   |                                                    |
|                                   | *   |                                                    |

_____

No. 06-3954

_____

Appeals from the United States
District Court for the
District of Minnesota.

|                                   |     |                    |
|-----------------------------------|-----|--------------------|
|                                   | *   |                    |
| United States of America,         | *   |                    |
|                                   | *   |                    |
| Appellee,                         | *   | [PUBLISHED]        |
|                                   | *   |                    |
| v.                                | *   |                    |
|                                   | *   |                    |
| Robert Lloyd Williams,            | *   |                    |
|                                   | *   |                    |
| Appellant.                        | *   |                    |
|                                   | *   |                    |
|                                   | *   |                    |

_____

Submitted:  September 25, 2007
Filed:  January 28, 2008
_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.
_____

HANSEN, Circuit Judge.

Ashanti Nadjari Washington (Washington) and Robert Lloyd Williams (Williams) each entered a plea of guilty to one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a).  The district court[1] accepted their pleas and sentenced each defendant to a 72-month term of imprisonment.  Washington and Williams appeal the reasonableness of their sentences.

I.

On a tip that Washington might be involved in bank robberies, agents of the Federal Bureau of Investigation (FBI) began investigating, and on the morning of March 9, 2006, they observed Washington and Williams drive to the TCF Bank in Bloomington, Minnesota.  Once there, Washington and Williams circled the building a few times and watched from a nearby parking lot as bank tellers opened the bank.  The next morning, agents observed Washington do the same thing with Ashaunti Quantay Prowell.  On March 14, 2006, all three men drove to the bank together in a stolen vehicle and parked in the bank parking lot.  FBI agents acting as bank employees purported to open the bank.  Williams and Prowell entered the bank with

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

two black bags. When confronted by the FBI agents, they dropped their bags and ran. Agents arrested Prowell in the bank parking lot, Williams following a foot chase, and Washington as he attempted to flee in the stolen vehicle.

Williams, Washington, and Prowell were named as codefendants in a one-count indictment charging them with attempted bank robbery, and all three men pleaded guilty to the charge. Washington and Williams appeal, arguing that their 72-month sentences are unreasonable.

## II. Williams

Williams argues that his 72-month sentence represents an unreasonable upward departure or variance from the advisory sentencing range as calculated pursuant to the United States Sentencing Guidelines Manual (2006) (USSG or Guidelines). Pursuant to Paragraph 9 of his plea agreement, however, Williams waived the right to appeal his sentence "unless the sentence exceeds 151 months." (Appellee's Add. at A-5.) In his plea agreement, he stipulated to an offense level and criminal history category which, although not binding on the district court, would yield either an advisory Guidelines range of 151 to 188 months of imprisonment or an advisory Guidelines range of 63 to 78 months, depending on whether or not the district court ultimately determined that Williams was a career offender. Despite the factual dispute over his career offender status, Williams agreed in Paragraph 9 to waive his right to appeal any sentence not exceeding 151 months, and his 72-month sentence is clearly within the scope of that agreement. See United States v. Andis, 333 F.3d 886, 890 (8th Cir.) (en banc) (noting Government has the burden "to demonstrate that a plea agreement clearly and unambiguously waives a defendant's right to appeal"), cert. denied, 540 U.S. 997 2003). Williams does not assert on appeal that his plea was involuntarily or unknowingly entered, and in any event, such a claim would not be cognizable on direct appeal where he failed to present it to the district court in the first instance by a motion to withdraw his guilty plea. United States v. Murphy, 899 F.2d 714, 716

(8th Cir. 1990). We therefore enforce the appeal waiver and dismiss Williams's appeal.

## III. Washington

Washington's plea agreement contains no appeal waiver. In the agreement, Washington stipulated that he was subject to a Guidelines offense level of 19 and a criminal history category of III, resulting in an advisory Guidelines sentencing range of 37 to 46 months. The Government argued that a sentence above the advisory Guidelines range was necessary because the range did not adequately take into consideration the fact that Washington had committed the instant bank robbery only a few months following his release from prison on a 78-month sentence for a prior armed bank robbery conviction. The Government moved for an upward departure pursuant to USSG § 4A1.3 (Inadequacy of Criminal History Category), § 5H1.9 (Dependence upon Criminal Activity for a Livelihood), and § 5K2.0 (Other Grounds for Departure), or a post-Booker[2] upward variance pursuant to the factors articulated in 18 U.S.C. § 3553(a).

The district court agreed with the stipulated Guidelines calculations but, without clearly identifying whether it was granting a Guidelines-based departure or a post-Booker variance pursuant to § 3553(a), the district court imposed a 72-month sentence.[3] Washington challenges the reasonableness of the district court's upward deviation from the 37 to 46 month Guidelines range.

We review the sentence imposed for reasonableness, applying "the familiar abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 594 (2007). See

---

[2]United States v. Booker, 543 U.S. 220 (2005).

[3]The district court also imposed a separate and consecutive 18-month term of imprisonment for the supervised release violation. That sentence is not appealed.

Booker, 543 U.S. at 261 (directing appellate courts to determine whether a sentence is unreasonable in light of the factors set forth in § 3553(a)); see also United States v. D'Andrea, 473 F.3d 859, 864 (8th Cir.) (noting that "review for reasonableness is akin to our traditional review for abuse of discretion" (internal marks omitted)), cert. denied, 127 S. Ct. 2441 (2007). The Court identified in Gall that our first task on appeal is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence– including an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. Our second task on appeal, if we are certain that the district court's decision is "procedurally sound," is to "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id. When the sentence is within the Guidelines range, we are permitted, but not required, to apply a presumption of reasonableness. Id.; Rita v. United States, 127 S. Ct. 2456, 2462 (2007). When the sentence is outside the Guidelines range, a presumption of reasonableness is not available, but we "may consider the extent of the deviation, [giving] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 128 S. Ct. at 597.

Within this framework, we first consider whether the district court committed any significant procedural error. The Court in Gall confirmed that, in reviewing a sentence, our "starting point and the initial benchmark," like the district court's, is the calculation of the applicable Guidelines sentencing range. Id. at 596; see also United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir.), cert. denied, 546 U.S. 913 (2005). A Guidelines sentence is arrived at after determining the appropriate Guidelines range and evaluating whether any traditional Guidelines departures are warranted. Haack, 403 F.3d 1003. Washington stipulated to the Guidelines calculations that the district court adopted, resulting in an advisory sentencing range of 37 to 46 months, and there is no claim of error in those calculations. Consistent with Booker, 543 U.S. at 233-37,

-5-

the district court did not treat the Guidelines as mandatory but, in fact, deviated upward from the Guidelines range to a 72-month sentence after considering that Washington had returned to the same crime within five months of his release from a prior sentence for bank robbery despite his unusually supportive family and his impending responsibility for a new child. In identifying these aggravating circumstances and imposing a sentence above the range, the district court referenced both a Guidelines section and § 3553(a), describing its deviation from the advisory sentencing range "as a variance or upward departure." (Sent. Tr. at 20.) Thus, while the factual basis for the deviation is clear, the legal basis is not. We urge district courts to continue to engage in the three-step process of first ascertaining the applicable Guidelines range, then considering any permissible departures within the Guidelines' structure, and finally, deciding whether a non-Guidelines sentence would be more appropriate under the circumstances pursuant to § 3553(a). Haack, 403 F.3d at 1003. A district court's clear application of this three-step process maintains a meaningful distinction between sentences imposed pursuant to and within the structure of the Guidelines and non-Guidelines sentences and facilitates meaningful appellate review, a statutory duty we still must discharge pursuant to 18 U.S.C. § 3742. See Gall, 128 S.Ct. at 597 ("[the district court] must adequately explain the chosen sentence to allow for meaningful appellate review"); United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007).

As noted above, the district court described its sentence as a "variance or upward departure" from the Guidelines range and drew no distinctions between the two terms. (Sent. Tr. at 20.) The district court at one point did reference a traditional Guidelines departure factor (USSG § 5H1.9–a policy statement that permits consideration of "[t]he degree to which a defendant depends upon criminal activity for a livelihood") but made no explicit finding that the policy statement did or did not apply to the defendant. Instead, when referencing this policy statement, the district court noted only that "[r]eally, what's unusual about this case is you had more support than most defendants have who commit an offense shortly after coming back out."

(Id. at 19-20.) The other facts referenced by the district court in its sentencing rationale likewise do not seem to fit within the contours of the criminal livelihood policy statement. After a careful review of the record, we conclude that the district court's upward deviation in this case was a variance (not a departure) which resulted in the imposition of a non-Guidelines sentence, and we will review it accordingly.

Washington argues that the facts on which the district court relied for the variance all relate to his prior armed bank robbery conviction and were therefore sufficiently taken into account in his Guidelines criminal history calculation. Washington's criminal history score did take into account some of the circumstances surrounding his prior armed bank robbery conviction. The prior conviction itself would have placed Washington in Criminal History Category II. Further criminal history add-ons accounted for additional circumstances, particularly the fact that he committed the instant offense while he was on supervised release for the prior offense (two additional points) and that he committed the instant offense less than two years following his release from custody on the prior offense (one additional point). These additional criminal history points moved Washington into Criminal History Category III, which effectively increased the upper end of his advisory Guidelines range by a total of five months over the range that would have been applicable to a Category II offender. Washington argues that because all of his criminal history points were related to the prior armed bank robbery conviction, this higher Guidelines sentencing range already encompasses the reasons articulated by the district court to justify the non-Guidelines variance sentence. We respectfully disagree.

The district court acknowledged that the Guidelines range already accounted for the prior bank robbery "to an extent," but explicitly concluded that the additional five months resulting from the criminal history calculations alone did not adequately reflect the seriousness of Washington's conduct. The district court appropriately considered the relevant factors of § 3553(a) and noted additional facts relevant to the nature and circumstances of the offense and Washington's history and characteristics

under § 3553(a)(1), such as his return to the same crime within five months of his release despite enjoying an unusually supportive family and the upcoming responsibility for a new child. The district court provided an adequate explanation for the variance that went beyond the facts taken into account in the criminal history calculation. Thus, the district court "committed no significant procedural error." Gall, 128 S. Ct. at 597.

We next consider the substantive reasonableness of the sentence. See id. The 26-month (5-offense-level) upward variance in this case from what Gall characterizes as "the initial benchmark," 128 S. Ct. at 596, is neither minor nor insubstantial. Even under Gall, "a major [variance] should be supported by a more significant justification than a minor one." Id. at 597. The district court must make an individualized assessment based on the facts presented, and upon determining that a non-Guidelines sentence is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." Id. Viewing, with due deference, the district court's decision for an abuse of discretion, we note that the district court stressed the serious nature of Washington returning, less than five months from his release from prison, to virtually the same criminal conduct for which he had just served a 78-month sentence, despite his responsibility to his unborn child and the supportive family he enjoyed. (Sent. Tr. at 18-20.) The district court, having the benefit of "access to, and greater familiarity with, the individual case and the individual defendant," Gall, 128 S. Ct. at 597 (internal marks omitted), explained that the nature of Washington's crime was very serious in light of these circumstances. Giving due deference to the reasoned decision of the district court, we cannot say that the district court failed to consider a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in relying on these facts to support the extent of the variance in this case. See Haack, 403 F.3d at 1004 (reciting the abuse-of-discretion standard of review as articulated in Kern v. TXO Prod. Corp., 738 F.2d 968, 970 (8th Cir.

1984)).  Accordingly, the extent of the variance is reasonable, and we affirm the sentence.

## III.

We enforce the appeal waiver against Williams and accordingly, dismiss Williams's appeal.  We find no abuse of discretion in the district court's imposition of a 72-month non-Guidelines sentence in Washington's case, and accordingly, we affirm the judgment of the district court.

_____