70 F.3d 118
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ekor Joe PRIDE, Jr., Appellant.
 No. 95-1530.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 31, 1995.
Filed Nov. 20, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ekor Joe Pride, Jr. appeals the 36-month sentence and a special condition of supervised release imposed by the District Court[1] following his guilty plea to misprision of a felony, in violation of 18 U.S.C. Sec. 4 (1994). We affirm.
 
 
 2
 Pride was originally charged with carjacking and using and carrying a firearm to commit the carjacking. According to Pride's presentence report (PSR), Toraino Hadley and another male approached the victim at a self-service car wash. Hadley grabbed the victim and began to wrestle with him while the other male stood near the back of the victim's car holding a gun. Hadley and the other male eventually drove off in the victim's car, with Hadley at the wheel. Police officers in the vicinity followed the car, which "blew a stop sign" and ultimately came to a stop on a curb after hitting a guard rail. The officers chased and caught Hadley, whom the victim identified as the individual who grabbed him at the car wash. The second individual was not found. Hadley later identified Pride as his accomplice, and indicated that his cousin, Shane Trotter, was present during the carjacking but remained in another car. The victim failed to identify Pride at trial; Pride subsequently pleaded guilty to misprision of a felony.
 
 
 3
 Included in the PSR were the hearsay statements of Hadley and Trotter, implicating Pride as the passenger in the stolen car. The PSR contained a recommendation for a two-level reckless-endangerment enhancement under U.S.S.G. Sec. 3C1.2 (1990), stating that Pride contributed to, or could reasonably foresee, a substantial risk of serious bodily injury during his flight from police. Pride objected to the District Court's consideration of Hadley's and Trotter's statements, which he maintained were inherently unreliable. He also objected to the reckless-endangerment enhancement, arguing it was based on Hadley's and Trotter's statements. The District Court rejected Pride's assertion that the statements were unreliable, overruled his objection to the reckless-endangerment enhancement, and sentenced him to 36 months imprisonment and one year of supervised release. As a special condition of supervised release, the court prohibited Pride from associating with "Folk, Crips, or any other street gang" members.
 
 
 4
 On appeal, Pride argues that the District Court erred in ruling on the reckless-endangerment enhancement without receiving evidence on the disputed matters contained in Hadley's and Trotter's statements. Pride's argument does not entitle him to relief. The government must prove any sentencing enhancements by a preponderance of the evidence, United States v. Hammer, 3 F.3d 266, 272 (8th Cir.1993), cert. denied, 114 S.Ct. 1121 (1994), and we believe the PSR contains sufficient uncontroverted information that Pride was the other male in the stolen car driven by Hadley.[2] Cf. United States v. Beatty, 9 F.3d 686, 690 (8th Cir.1993) (concluding district court's failure to make required findings was harmless error where uncontroverted facts contained in remaining, unchallenged factual paragraphs of PSR and plea agreement supported offense-level enhancement). We reject Pride's assertion that the increase in his sentence occasioned by the enhancement triggered due process concerns. See United States v. Wise, 976 F.2d 393, 401 (8th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1592 (1993).
 
 
 5
 Pride also maintains that the District Court abused its discretion in imposing the special supervised-release condition prohibiting his association with street gangs, because it is not reasonably related to his crime of conviction and is unworkable. Pride did not dispute at sentencing the District Court's finding that he had been involved with gangs, as reported in his PSR. We believe the District Court could conclude that the special condition was reasonably related to the nature and circumstances of Pride's offense; his history and characteristics; and the need to deter him from engaging in criminal conduct, and to protect the public from further crimes he might commit. See United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir.1992) (listing factors court should consider in imposing supervised-release condition). The District Court enjoys wide discretion in imposing supervised-release conditions, id. at 1292, and may prohibit a defendant from associating with persons engaged in criminal activity. 18 U.S.C. Sec. 3563(b)(7) (1988); U.S.S.G. Sec. 5B1.4(9) (1989); see also United States v. Bolinger, 940 F.2d 478, 480 (9th Cir.1991) (upholding supervised release condition prohibiting felon-in-possession from joining or participating in activities of motorcycle clubs); United States v. Showalter, 933 F.2d 573, 575 (7th Cir.1991) (upholding condition prohibiting white supremacist convicted of possessing unregistered firearm from associating with skinheads and neo-Nazis; court rejected argument that groups were not readily identifiable). We find no abuse of discretion in the District Court's imposition of the special condition here.
 
 
 6
 Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska
 
 
 [2]
 Pride does not dispute that the enhancement applied to him if he was in the carjacked vehicle as Hadley fled police in the car. See U.S.S.G. Sec. 3C1.2, comment. (n.5) (1992); cf. United States v. Luna, 21 F.3d 874, 885 (9th Cir.1994) (upholding application of reckless-endangerment enhancement to passenger in car who aided and abetted abandonment of running car in residential area)