# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2143

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western District |
| | * | of Missouri |
| Esteban Rivera, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: December 13, 2005
Filed: March 6, 2006

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Esteban Rivera was convicted of conspiracy to distribute and possess with intent to distribute marijuana and cocaine. He was sentenced to the statutory mandatory minimum of sixty months in prison. Based on Rivera's status as a career offender, his Guidelines sentencing range was 188 to 235 months. The government appeals, arguing that a sixty-month sentence is unreasonable under the facts of this case. Based on the record before us, we are unable to make a reasonableness determination and therefore reverse and remand for resentencing.

Rivera escorted Juan Carlos Rivera (Juan) on trips to deliver cocaine and marijuana. Juan is Rivera's older cousin by six years. Based upon information from other members of the drug conspiracy, the authorities identified Juan as a source of drugs entering Missouri from Chicago, Illinois.

On a trip from Chicago to Springfield, Illinois, an Illinois state trooper stopped the car Juan was driving in which Rivera was a passenger. Although the reason for the stop was speeding, the officer had his canine perform a sniff search of the vehicle because of inconsistent statements made by Juan. The officer discovered thirty-four kilograms of marijuana and 503 grams of cocaine in the trunk of the car.

Rivera cooperated with the police and pled guilty as part of an agreement with the government. The extent of Rivera's cooperation was limited by his knowledge about the drug conspiracy. He told the police that he was not paid for the trips and only knew of Juan's role as a drug distributor. The government did not need Rivera's assistance in investigating or convicting Juan.

At sentencing, Rivera's attorney outlined a number of reasons why she felt a sentence of sixty months would be a reasonable sentence under 18 U.S.C. § 3553(a). Among the factors discussed by Rivera's attorney were Rivera's limited role in the offense (for which he could not get a minor role adjustment under the guideline because he was a career offender), two years of good performance on pre-trial release, family obligations, over representation of criminal history in the career offender computation, the fact that two more culpable defendants (including his cousin Juan) received substantial sentence reductions because of their cooperation, and the fact Rivera attempted to cooperate but was unsuccessful because of his limited role and lack of knowledge about the conspiracy.

In sentencing Rivera, the district court stated "[w]ell, I think the mandatory minimum is sufficient penalty under the circumstances that have been placed here in

the record." The district court did not make any other statements about the reasoning behind its decision.

## II.

We review a challenge to the reasonableness of a criminal sentence for abuse of discretion. United States v. Dalton, 404 F.3d 1029, 1032 (8th Cir. 2005). Under United States v. Booker, 543 U.S. 220 (2005), we must determine if a sentence is unreasonable with regard to the factors outlined in 18 U.S.C. § 3553(a). United States v. Pizano, 403 F.3d 991, 995 (8th Cir. 2005). In United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005), we outlined the procedure a district court is to follow in imposing a post-Booker sentence. First, the district court should determine the Guidelines sentencing range. Second, the district court should determine whether any traditional departures are appropriate. Third, the district court should apply all other section 3553(a) factors in determining whether to impose a Guidelines or non-Guidelines sentence.

In this case, there is no dispute about the Guidelines sentencing range. Rivera is a career offender with a range of 188 to 235 months. However, we are left with an inadequate record upon which to determine whether the district court felt a Guidelines departure was appropriate, what non-Guidelines 3553(a) factors predominated, and what combination of departures and variances warranted a sixty-month sentence. Without an adequate record we are unable to discharge our function as an appellate court in deciding whether the district court abused its discretion and imposed an unreasonable sentence. See United States v. Porter, 417 F.3d 914, 917-18 (8th Cir. 2005) (ordering resentencing by the district court because the district court's reasoning for applying an alternative sentence was unclear based upon the record); see also 18 U.S.C. § 3553(c) (noting that the district court must "state in open court the reasons for its imposition of the particular sentence"); United States v. Shafer, 2006

WL 453200, *2 (8th Cir. Feb. 27, 2006) (stating that for a "court to properly carry out the appellate review mandated by <u>Booker</u>, it is essential that the district court explain why it imposed a sentence below the guidelines range").

It might be argued that the district court's comment that the sentence was imposed "under the circumstances that have been placed here in the record," is an indication that the district court was adopting the arguments and reasoning of defense counsel. <u>See, e.g.</u>, <u>United States v. Thurmon</u>, 368 F.3d 848, 853 n.5 (8th Cir. 2004) (affirming a district court's decision pre-<u>Booker</u> when "the district court did not explicitly state its ground for denying an adjustment," but rather "appear[ed] [to] adopt[] the prosecutor's argument"). However, in this post-<u>Booker</u> era of sentencing we feel something more is required of district courts. At a minimum the court should indicate which arguments are being adopted, state why they are relevant, and offer some explanation as to how the adopted factors affect the sentence.

Based on the record before us we are unable to conduct a meaningful reasonableness review. Accordingly, we reverse and remand for resentencing. At resentencing the district court should follow the procedure outlined in <u>Haack</u> and provide an explanation as to how it arrives at the sentence imposed.

_____