# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1960

_____

United States of America,

              Plaintiff - Appellee

      v.

D.A.L.D., Juvenile,

              Defendant - Appellant

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of South Dakota
\*
\*
\*

_____

Submitted: October 18, 2006
Filed: November 9, 2006

_____

Before MELLOY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

The district court[1] found D.A.L.D., a juvenile, delinquent for committing assault resulting in serious bodily injury, see 18 U.S.C. §§ 113(a)(6), 1153, 5032, and assault with a dangerous weapon, see 18 U.S.C. §§ 113(a)(3), 1153, 5032. The district court sentenced appellant to twenty-four months' imprisonment to be followed by a term of juvenile supervision until appellant's twenty-first birthday.[2] On appeal, D.A.L.D.

_____

[1] The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

[2] Appellant was sixteen years old at the time of the offense and at sentencing.

challenges the district court's sentence as unreasonable. Finding that the sentence is reasonable, we affirm the judgment of the district court.

I.

In the early morning of July 20, 2005, appellant and the victim, L.J.E., were among a group of juveniles gathered in an open space among the houses of the Manderson Housing Area in Manderson, South Dakota. L.J.E. and several of the individuals in the group were identified at trial as members of the Eastside gang. Despite his denials, appellant was identified at trial as a member of the rival Cold Crip gang, and the government introduced into evidence two items taken from his possession, a baseball cap with the words "Cold Crip" written inside it and a blue bandana, worn by Crip members, to further establish his gang membership.

After a brief verbal altercation, L.J.E. challenged appellant to a "one-on-one" fight. L.J.E. struck appellant in the face and began to walk away. After L.J.E. had walked about three feet, appellant stabbed him in the back with a knife. Appellant then fled to his grandmother's house, where he stashed the knife in a vent. The knife was later recovered by a special agent from the Bureau of Indian Affairs and introduced into evidence at trial.

Appellant was charged by information, alleging juvenile delinquency in connection with the assault. At the conclusion of a one-day trial, the district court adjudicated appellant delinquent.

Both appellant and the government agreed that appellant's offense level was twenty-three and that the resulting advisory guideline range for his offense, had he been an adult, was forty-six to fifty-seven months. However, as a juvenile, appellant's term of detention could extend only until his twenty-first birthday. The district court accepted the guideline conclusions and imposed a dispositional sentence below the low end of the adult range. The district court sentenced appellant to twenty-four

months' imprisonment on each count, to run concurrently, followed by juvenile delinquent supervision until his twenty-first birthday. This appeal followed.

## II.

Appellant asserts a two-pronged challenge to the reasonableness of his sentence, arguing that the district court erred by (1) not specifically applying the facts of his case to the section 3553(a) sentencing factors, see 18 U.S.C. § 3553(a), thereby failing to create an adequate record to allow this Court to conduct a reasonableness review, and (2) placing undue weight on its concern over the proliferation of gang violence in Indian country.

When the district court has correctly determined the Sentencing Guidelines range, as in this case, we review the resulting sentence for reasonableness. See United States v. Gatewood, 438 F.3d 894, 896 (8th Cir. 2006). "This standard is akin to our traditional review for abuse of discretion." Id.

## A.

Appellant contends that by not specifically applying the facts of his case to the section 3553(a) sentencing factors, the district court did not create an adequate record to allow us to conduct a meaningful reasonableness review. Appellant relies on United States v. Rivera, 439 F.3d 446 (8th Cir. 2006), where we reversed and remanded because the district court, in sentencing the defendant to a term below the Sentencing Guidelines range, stated only, "Well, I think the mandatory minimum is sufficient penalty under the circumstances that have been placed here in the record." Id. at 447. In Rivera, we stated, "[I]n this post-Booker era of sentencing we feel something more is required of district courts." Id. at 448.

A district court must, at the time of sentencing, state in open court the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c). "At a minimum the court should indicate which arguments are being adopted, state why they are relevant,

and offer some explanation as to how the adopted factors affect the sentence." Rivera, 439 F.3d at 448. However, a district court is not required "to categorically rehearse" each of the section 3553(a) factors on the record as long as it is clear that they were considered, United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006), nor is it required to make a "robotic incantation" about each statutory factor considered. United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005) (citing United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005)).

Appellant's reliance on Rivera is misplaced. In the instant case, during the sentencing hearing, the district court considered several of the sentencing factors in section 3553(a). The court stated,

> In pronouncing this sentence, the Court has considered the nature and circumstances of the offense and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, and to [afford] adequate deterrence to criminal conduct.

See 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(B). Here, the district court cited only the section 3553(a) factors it deemed relevant, avoiding a "robotic incantation." See Lamoreaux, 422 F.3d at 756; see also United States v. Lewis, 436 F.3d 939, 946 (8th Cir. 2006). The court also made specific mention of the gang problem on Indian lands, stating that its sentence was "imposed to reflect the Court's concern about the continued proliferation of gang violence in Indian country." Accordingly, we find that the district court created an adequate record to allow us to conduct a reasonableness review.

## B.

Appellant further contends that the district court abused its discretion by "giving exclusive focus and undue weight" to a general concern regarding the proliferation of gang violence in Indian country, to the exclusion of factors that were specific to appellant. Appellant contends that the district court gave insufficient

weight to his efforts, since his arrest, to better himself, and to the victim's role as the initial aggressor in the altercation.

A discretionary sentencing ruling may be unreasonable if a sentencing court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case. United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005). "In the context of reviewing a sentence for reasonableness, a proper or relevant factor is one listed under section 3553(a)." United States v. Long Soldier, 431 F.3d 1120, 1123 (8th Cir. 2005).

Appellant mischaracterizes as general the district court's concern regarding gang violence. Instead, the district court referred to appellant's "association with gang members," which it then considered in the broader context of gang violence in Indian country. Thus, appellant's gang affiliation was properly considered by the district court as part of his "history and characteristics." See 18 U.S.C. § 3553(a)(1); see also United States v. Melgar-Galvez, 161 F.3d 1122, 1124 (7th Cir. 2006); United States v. Pride, No. 95-1530, 1995 U.S. App. LEXIS 32313, at *4 (8th Cir. Nov. 20, 1995) (per curiam). Therefore, the district court did not abuse its discretion in considering appellant's gang affiliation as a component of the section 3553(a) review.

Further, the sentencing record demonstrates that the district court heard appellant's plea for leniency based on factors such as his successful completion of drug and alcohol counseling, participation in cultural activities, and improvement in school. Accordingly, the district court considered these factors and did not give exclusive focus to its concerns regarding the proliferation of gang violence in Indian country. We further note that the court showed leniency to appellant by imposing a dispositional sentence below the low end of the adult range. In this case, the court considered the full range of the section 3553(a) sentencing factors as applied to

appellant and did not abuse its discretion. <u>See</u> <u>Long Soldier</u>, 431 F.3d at 1123 (stating that the relevant inquiry is whether the district court considered the section 3553(a) factors and whether they support the reasonableness of the district court's sentencing decision).

III.

We affirm the judgment of the district court.

_____