# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2011

_____

United States of America,       *
     *
        Plaintiff-Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    District of Minnesota.
Matthew Henry Leppa,      *
     *
        Defendant-Appellant.      *

_____

Submitted: November 14, 2006
Filed: December 11, 2006

_____

Before LOKEN, Chief Judge, LAY and MELLOY, Circuit Judges.

_____

LAY, Circuit Judge.

Matthew Henry Leppa appeals the sentence imposed by the district court. We reverse.

## BACKGROUND

On May 10, 2005, Leppa was charged by indictment with several controlled substance violations stemming from a marijuana growing operation. Pursuant to a plea agreement, Leppa pled guilty to one count of conspiracy to manufacture fifty or more marijuana plants, in violation of 21 U.S.C. §§ 841 and 849. The plea agreement

contemplated a sentencing range of 36 to 47 months of imprisonment, and a statutory minimum term of at least three years of supervised release.

Prior to sentencing, a presentence report (PSR) was prepared. It calculated a sentencing range greater than the parties anticipated due to Leppa's criminal history. Consistent with the plea agreement, however, the PSR stated that Leppa's guidelines range of supervised release was three years.[1]

At sentencing, the government moved for a departure based on Leppa's substantial assistance, see USSG § 5K1.1, but the district court denied the motion. It did, however, grant a departure based on the overstatement of Leppa's criminal history, see USSG § 4A1.3, p.s., for a resulting guidelines range of 46 to 57 months. The court sentenced Leppa to a term of 46 months of imprisonment, to be followed by four years of supervised release. The court provided no explanation whatsoever for deviating from the guidelines and imposing four, rather than three, years of supervised release.

## ANALYSIS

On appeal, Leppa contests the imposition of a term of supervised release greater than recommended by the guidelines. At the outset, we must consider our standard of review. Leppa did not at any time raise an objection to the four-year term, which would typically limit our review to plain error. United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). He argues, however, that the court's "lack of notice itself undermined the defense's meaningful opportunity to object." (Def't Br. at 8.)

---

[1]Leppa's guidelines range of supervised release of two to three years was modified by operation of the three-year statutory minimum for his offense. See USSG § 5G1.1; 21 U.S.C. § 841(b)(1)(C).

At least one circuit has declined to employ the plain error doctrine when reviewing an increased supervised release term that neither party sought or anticipated and which the district court imposed without notice. See United States v. Cortes-Claudio, 312 F.3d 17, 23 (1st Cir. 2002). Respectfully, we reject this approach and rather adhere to our traditional, limited review of unpreserved errors consistent with Federal Rule of Criminal Procedure 52(b). We agree with the First Circuit that the timing of a sentencing court's pronouncement of sentence makes correction of "last minute" errors difficult. Nonetheless, Federal Rule of Criminal Procedure 35(a) permits a court to correct clear sentencing errors within seven days of sentencing. Thus, even if the timing of the error makes a contemporaneous objection impractical, a defendant's timely Rule 35 motion would alert the sentencing court to the error in the first instance and provide it the opportunity to correct itself. See, e.g., United States v. Ellis, 417 F.3d 931, 933 (8th Cir. 2005) (holding a claim of sentencing error to be preserved where defendant first raised it by way of a Rule 35(a) motion). Leppa made no such motion here, nor did he take any action to alert the district court of the error he now contends was obvious on its face. Accordingly, we decline to treat his claim of error as if it were preserved, and instead review for plain error. Under this standard, Leppa must show: (1) an error; (2) that was plain; (3) that affected his substantial rights; and (4) that, if left uncorrected, would result in a miscarriage of justice. United States v. Olano, 507 U.S. 725, 731-34 (1993); Pirani, 406 F.3d at 550.

It is undisputed that the guidelines call for three years of supervised release for Leppa's offense, USSG § 5D1.2(a)(2), yet the district court imposed four years without prior notice or any explanation for the higher sentence. Leppa and the government quarrel about whether the increased term ought to be construed as a departure or a variance from the guidelines. Our review of the record leads us to conclude, however, that it is neither: the district court's sentence appears to simply reflect a mistake.

At Leppa's hearing on his guilty plea, the district court told Leppa that he was subject to a three- to five-year guidelines term of supervised release. This, of course, was wrong. In its Statement of Reasons accompanying Leppa's sentence, the district court repeated this mistake, again erroneously determining his guidelines range of supervised release to be three to five years. In this document, the district court also affirmed its belief that the sentence it imposed was within the guidelines range. Moreover, at the sentencing hearing, there was no discussion whatsoever concerning increasing Leppa's term of supervised release beyond his guidelines range, by way of either a departure or a variance. Thus, we are of the firm belief that the district court simply misapprehended Leppa's guidelines range of supervised release. This was a plain error, satisfying the first two elements of Olano.

We now turn to whether Leppa was prejudiced by the error, that is, whether it affected Leppa's substantial rights. United States v. Nahia, 437 F.3d 715, 716-17 (8th Cir. 2006). To do so, he must show a "reasonable probability" that if not for the error, he would have received a more favorable sentence. Pirani, 406 F.3d at 552. We find he has carried this burden. The sentence imposed was outside of the range recommended by the guidelines, something which may only be realized by way of a departure or a variance. While these two vehicles for "outside the guidelines" sentences differ in some respects, both require some basis for the district court's deviation to appear on the record. See generally USSG § 5K2.0, p.s. & comment.; United States v. Bueno, 443 F.3d 1017, 1023-24 (8th Cir. 2006); United States v. Rivera, 439 F.3d 446, 447-48 (8th Cir. 2006). In that respect, this record is lacking.

As we have made clear, there is a "range of reasonableness" in which sentencing courts may choose to fashion a just punishment, United States v. Saenz, 428 F.3d 1159, 1165 (8th Cir. 2005), and a one-year increase in an offender's term of supervised release may well fall within that range. That, however, is not the question before us. Instead, we must ask whether Leppa has shown a likelihood that he would receive a more lenient sentence if the error was corrected. The error here, as noted

above, was the district court's apparent misapprehension of the guidelines range. By all indications, the district court believed it was imposing a guidelines sentence, and, indeed, there is no evidence to support the view that it would deviate from a guidelines sentence in this respect absent the error. Because the correct guidelines sentence of supervised release is three years, Leppa has demonstrated he was prejudiced by the erroneous imposition of a four-year term.

Lastly, we consider whether leaving the error uncorrected will result in a miscarriage of justice by seriously affecting "'the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). Leppa's period of supervision was erroneously increased by a full year. If, during that period, Leppa were to violate the conditions of his supervised release, he would be subject to yet another term of imprisonment and an increased term of supervised release. See generally USSG § 7B1.1-5, p.s. Given this impingement on his liberty, "we have no trouble in concluding that the error would result in a miscarriage of justice if left uncorrected." United States v. Spigner, 416 F.3d 708, 713 (8th Cir. 2005); accord United States v. Comstock, 154 F.3d 845, 850 (8th Cir. 1998) ("easily conclud[ing]" that a sentencing error which resulted in the imposition of seventeen additional months of imprisonment seriously affected the fairness of the defendant's sentencing proceedings). We thus exercise our discretion to correct the error.[2]

---

[2]Recently, a panel of our court left uncorrected an error resulting in the payment of an additional $100 special assessment, in recognition that not every additional punishment erroneously imposed is "'serious enough . . . to be described as a miscarriage of justice and thus constitute plain error.'" United States v. Bailey, ___ Fed. App'x ___, 2006 WL 3373050, at *2 (8th Cir. Nov. 22, 2006) (unpublished per curiam) (quoting United States v. McCarter, 406 F.3d 460, 464 (7th Cir. 2005)). There is a considerable qualitative difference, however, between a $100 assessment wrongly imposed and the restraint on a person's liberty.

## CONCLUSION

For the reasons stated herein, we reverse the district court's imposition of a four-year term of supervised release, and remand for resentencing consistent with this opinion.[3]

_____

_____

[3]Because the error in this case concerned the district court's application of the guidelines, we express no opinion on whether a four-year term of supervised release would be reasonable.  United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).