# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3448

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Tina Blair, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: June 11, 2008
Filed: July 7, 2008

_____

Before MELLOY, ARNOLD, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

On February 2, 2006, Tina N. Blair was stopped by law enforcement, who found .09 grams of methamphetamine in her purse. A jury convicted her of possession of a controlled substance under 21 U.S.C. § 844(a). The district court sentenced her to three years probation. The government appeals the sentence as illegal. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b)(1), this court reverses.

Blair was previously convicted (in 1993) of conspiracy to distribute cocaine. With an offense level 4, and a criminal history category II, Blair's guideline range for

the current offense was calculated as15 days to six months.  The government argued for an upward departure of 8 levels, to a range of 15 to 21 months.  Blair requested probation and no fine.  The district court suspended Blair's sentence, imposing three years probation, and no fine.  The court explained that probation would allow Blair to complete her drug treatment program, and require "intense drug screening."

> [T]he biggest problem here is if I give her any kind of sentence, she just gets one year of supervised release and she's done.  Now, I accept [Blair's] position that when she's on probation she can quit using drugs, so I'm going to keep her from using drugs for three years and put her on probation . . . . [I]f she violates, I then have available the remaining time of the three years to send her to prison, 36 months minus how long she goes until she violates . . . .

The government asserts that the sentence of probation is illegal, because 21 U.S.C. § 844(a) sets a statutory minium of 15 days imprisonment.  This is a question of statutory construction, reviewed do novo.  *See **United States v. Sturdivant***, 513 F.3d 795, 803 (8th Cir. 2008).

21 U.S.C. § 844(a) states:

> Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year, and shall be fined a minimum of $1,000, or both, except that *if he commits such offense after a prior conviction under this subchapter* or subchapter II of this chapter, or a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State, has become final, *he shall be sentenced to a term of imprisonment for not less than 15 day but not more than 2 years, and shall be fined a minimum of $2,500. . . .*

(emphasis added).  Probation would normally be permitted under the sentencing guidelines because Blair's offense level and criminal history place her in Zone A of the Sentencing Table.  *See* **U.S.S.G. § 5B1.1(a)(1)**.  Here, however, the statute of

conviction requires a minimum sentence of 15 days, and a $2,500 fine. **18 U.S.C. § 844(a)**. This is the lowest sentence authorized. *See United States v. Leppa*, 469 F.3d 1206, 1208 n.1 (8th Cir. 2006); *United States v. Collins*, 340 F.3d 672, 683 (8th Cir. 2003); **U.S.S.G. § 5B1.1(b)(2)** (probation not authorized where the statute of conviction expressly precludes probation); **U.S.S.G. § 5G1.1(c)(2)** (sentence may be imposed anywhere within the guidelines range so long as it is not less than the statutory minimum).

Further, 21 U.S.C. § 884(a) prohibits suspension of the minimum sentence. **21 U.S.C. § 844(a)** ("The imposition or execution of a minimum sentence required to be imposed under this subsection shall not be suspended or deferred."). Although the district court's goals may be laudable, the sentence is illegal.

The district court's sentence is vacated, and the case remanded for resentencing.

_____