# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2719

_____

United States of America,       *
                          *

         Appellee,        *

                          *     Appeal from the United States
    v.                    *     District Court for the Western
                          *     District of Missouri.

Esteban Rivera,             *

                          *     [UNPUBLISHED]

         Appellant.       *

_____

Submitted: April 3, 2008
Filed: January 9, 2009

_____

Before MELLOY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

      We have reviewed this case several times in light of the ongoing developments in the Supreme Court's and the Eighth Circuit's treatment of the United States Sentencing Guidelines. In an initial sentencing after the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005), the district court sentenced Rivera to a below-Guidelines, statutory-minimum sentence of sixty months' imprisonment. The applicable Guidelines range was 188 to 235 months. In an opinion following an initial appeal by the government, we remanded for resentencing, seeking an expanded explanation of the sentencing decision. United States v. Rivera (Rivera I), 439 F.3d 446, 448 (8th Cir. 2006). On remand, the district court imposed a sentence of 132 months' imprisonment.

In a second appeal, Rivera challenged his 132-month sentence as unreasonable, arguing that the district court misinterpreted our initial opinion as precluding the original, sixty-month sentence. He argued further that the district court had not sufficiently explained its application of the 18 U.S.C. § 3553(a) sentencing factors. In a second opinion, we agreed that the district court had misinterpreted our original opinion as precluding the sixty-month sentence, but we found that error harmless. United States v. Rivera, 2007 WL 2350260 (8th Cir. Aug. 20, 2007). We held that the district court had interpreted our precedent following Booker and had determined that a 132-month sentence fell within the permissible range of sentencing discretion whereas a sixty-month sentence did not. Id. We also rejected the argument that the district court's explanation for the 132-month sentence was inadequate. Id.

Rivera then filed a petition for writ of certiorari with the United States Supreme Court. The Court vacated our judgment from the second appeal in light of Gall v. United States, 128 S. Ct. 586 (2007), and remanded to our court. Rivera v. United States, 128 S. Ct. 1285 (Feb. 19, 2008). In light of the Supreme Court's remand and its clarification in Gall concerning the range of discretion afforded sentencing courts, we remand for resentencing. We note that neither Gall, our prior opinions in this case, nor our precedent applying Gall categorically preclude the application of any particular sentence within the statutory range. We express no opinion as to the reasonableness or appropriateness of the original or revised sentences in this case. We note only the Supreme Court's emphasis in Gall that it is the district court's responsibility to ensure that a major variance is supported by stronger reasons than a minor variance. Gall, 128 S. Ct. at 597 ("We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.").

The judgment of the district court is reversed and this matter is remanded for further proceedings not inconsistent with this opinion.

_____