# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1945

_____

United States of America

*Plaintiff - Appellee*

v.

Joseph Benjamin Thomas

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 21, 2013
Filed: July 8, 2014 (Corrected: July 8, 2014)
[Published]

_____

Before RILEY, Chief Judge, BRIGHT and KELLY, Circuit Judges.

_____

PER CURIAM.

Joseph Benjamin Thomas pled guilty to possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). The district court sentenced Thomas to a term of imprisonment of 120 months. Thomas alleges the court erred in calculating his sentencing guideline range.

We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. For the reasons below, we remand for clarification from the district court.

## I. Background

While investigating another individual for domestic terrorism, an FBI agent was introduced to Thomas. The scope of the investigation shifted once the FBI became aware Thomas was distributing methamphetamine. After Thomas sold methamphetamine to an undercover FBI agent on three occasions, a grand jury returned a four-count indictment against Thomas. The indictment charged him with possession with intent to distribute 50 grams or more of actual methamphetamine from February 1, 2012, to April 16, 2012, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1), and three counts of distribution of 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Counts 2–4).

Thomas pled guilty to Count 1 of the indictment pursuant to a written plea agreement. In the agreement, the parties stipulated Thomas' relevant conduct involved more than 50 grams, but less than 150 grams, of actual methamphetamine, resulting in a base offense level of 32. See United States Sentencing Guidelines Manual ("USSG") § 2D1.1(c)(4). The parties agreed no specific offense characteristics applied. The parties anticipated Thomas' criminal history category would be III. After subtracting 3 levels for acceptance of responsibility, the parties predicted Thomas' sentencing guideline range would be 120–135 months.[1] The

---

[1]At offense level 29, criminal history category III, Thomas' guideline range would be 108–135 months. Thomas faced a statutory mandatory minimum sentence of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A), however, so his guideline range effectively became 120–135 months.

government agreed not to seek a sentence above 120 months. The plea agreement did not mention that Thomas might be eligible for safety valve sentencing relief.[2]

Thomas' Presentence Investigation Report ("PSR") calculated a different sentencing guideline range. It determined Thomas' relevant conduct included a larger amount of methamphetamine than considered by the parties, resulting in a base offense level of 34, and also recommended a 2-level enhancement for possession of a firearm. See USSG §§ 2D1.1(b)(1), (c)(3). Because of the age and nature of Thomas' prior convictions, however, the PSR found Thomas was in criminal history category I, rather than category III.

Thomas objected to the higher base offense level and the 2-level firearm enhancement. In addition, he argued that he was safety valve eligible,[3] which would reduce the parties' stipulated offense level by 2 levels—to a level 27 after the 3-level reduction for acceptance of responsibility—and allow the district court to sentence

---

[2]Pursuant to the "safety valve," if a defendant meets the criteria outlined in 18 U.S.C. § 3553(f)(1)–(5), "the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence." USSG § 5C1.2. If the defendant qualifies for the safety valve, the guidelines further provide for a 2-level reduction in the otherwise applicable offense level. USSG § 2D1.1(b)(16).

[3]In relevant part, the criteria for eligibility are: (1) "the defendant does not have more than 1 criminal history point"; (2) "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon"; (3) "the offense did not result in death or serious bodily injury to any person"; (4) "the defendant was not an organizer, leader, manager, or supervisor of others in the offense"; and (5) "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense . . . ." USSG § 5C1.2(a)(1)–(5). A defendant must meet all five criteria in order to be eligible for the safety valve.

him below the statutory mandatory minimum sentence of 120 months. See USSG § 2D1.1(b)(16); 18 U.S.C. § 3553(f). Thomas asserted, accordingly, that the applicable sentencing guideline range, based on offense level 27 and criminal history category I, was 70–87 months.

The government agreed to abide by the base offense level in the plea agreement; it declined to seek the firearm enhancement recommended in the PSR, but agreed with its recommended criminal history category of I. The government further agreed Thomas was safety valve eligible such that—as argued by Thomas—his guideline range was now 70–87 months. Nonetheless, it requested the court impose a sentence of 120 months, seeking both an upward variance under 18 U.S.C. § 3553(a) and an upward departure pursuant to USSG § 5K2.21 (dismissed and uncharged conduct).

At the April 2, 2013, sentencing hearing, the court agreed to "follow the government's and the defendant's plea negotiation." Despite finding Thomas was safety valve eligible, the court concluded on the record that Thomas' total offense level was 29, his criminal history category was III, and his custody range was 120–135 months. Neither party objected to these findings. The court then sentenced Thomas to a term of imprisonment of 120 months, stating it was adopting the government's arguments in support of an upward variance.

## II. Discussion

Thomas first argues the district court committed reversible procedural error when determining his offense level was 29, rather than 27. This, he asserts, resulted in the calculation of an erroneous sentencing guideline range. See United States v. Spikes, 543 F.3d 1021, 1023 (8th Cir. 2008) (in reviewing a criminal sentence for reasonableness, we " 'first ensur[e] that the district court committed no significant procedural error, such as . . . improperly calculating the Guidelines range' " (quoting

-4-

Gall v. United States, 552 U.S. 38, 51 (2007)). The government responds that Thomas has waived this argument: Thomas stipulated in his plea agreement that no specific offense characteristics applied, and he cannot now argue the district court erred in failing to reduce his offense by 2 levels pursuant to the safety valve. While the parties did agree that no specific offense characteristics would apply (including, presumably, the safety valve reduction, which is listed as a "specific offense characteristic" under USSG § 2D1.1(b)(16)), we do not read Thomas' argument on appeal to be that the district court's error was in concluding he did not qualify for the safety valve reduction. Instead, we understand Thomas' argument to be that once the district court concluded the reduction did apply, the court simply failed to subtract these 2 levels from his offense level, resulting in procedural error.

Nevertheless, because Thomas did not object to the district court's calculation at sentencing, nor bring this matter to the district court's attention within 14 days after sentencing, we review his claim for plain error. United States v. Leppa, 469 F.3d 1206, 1208 (8th Cir. 2006); Fed. R. Crim. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."). "Under this standard, [Thomas] must show: (1) an error; (2) that was plain; (3) that affected his substantial rights; and (4) that, if left uncorrected, would result in a miscarriage of justice." Leppa, 469 F.3d at 1208 (citations omitted).

Under plain error review, we must first determine whether the district court erred. At sentencing, the court agreed with the parties that Thomas was "safety valve eligible," yet concluded his adjusted offense level was 29, his criminal history category was III, and his guideline range was 120–135 months. Thomas argues this calculation failed to take into account the effect of the safety valve—a 2-level reduction in the base offense level and relief from the 120-month mandatory minimum sentence—resulting in procedural error. We note both parties expressly argued to the district court at sentencing that the proper guideline range was 70–87 months. The government, which presented its argument immediately prior to

imposition of sentence, asked the court to "vary [Thomas'] sentence above the range that we have, which is 70 to 87 months once the two-level reduction for the safety valve is applied." Also, despite having previously stated Thomas' custody range was 120–135 months, the district court granted the government's motion for an upward variance and then imposed a sentence of 120 months imprisonment.

When granting the government's motion, however, the district court did not explicitly specify a starting range from which it varied upward. Indeed, the only statement the district court made about the guideline range was a finding on the record that the applicable range was 120–135 months. Thomas points out that the written record states yet another guideline range. "It is well settled . . . that a district court's oral sentence controls when it conflicts with the written judgment." United States v. Olson, 716 F.3d 1052, 1056 (8th Cir. 2013) (citing United States v. Buck, 661 F.3d 364, 374 (8th Cir. 2011)). "If the oral sentence is ambiguous, our task is to discern the court's intent." Id. If we find such an ambiguity, then we look to "'the entire sentencing pronouncement,' including the written record," to determine the district court's intent. Id. (quoting Buck, 661 F.3d at 374). "There is no dispute that ambiguities in the sentence pronouncement are to be construed in favor of the defendant." Buck, 661 F.3d at 374 (quotation omitted).

In this case, the oral pronouncement is sufficiently ambiguous that we are permitted to look to the "entire sentencing pronouncement." Id. (quotation omitted). The written record does not clarify the ambiguity. The written Statement of Reasons form, the Statement of Reasons for Imposing Sentence, and the amended Statement of Reasons form all identify a guideline range of 87–108 months[4]—a third guideline range that neither party asserts is accurate. It may be that the district court's initial pronouncement of the sentencing range was simply a misstatement. Looking at the

_____

[4]This sentencing guideline range was based on the district court's finding that Thomas' offense level was 29 and his criminal history category was I.

oral pronouncement, the hearing record as a whole, and the written record, however, it remains unclear to us whether the district court committed procedural error. Under such circumstances, we conclude the best course of action is to allow the district court the opportunity to clarify its intentions.

Thomas also argues that the sentence imposed was substantively unreasonable. The government asserts Thomas waived this claim on appeal because, by stipulating that his sentence of imprisonment would be at least 120 months, he "explicitly and voluntarily expose[d] himself to a specific sentence," such that he "may not challenge that punishment on appeal." United States v. Cook, 447 F.3d 1127, 1128 (8th Cir. 2006) (citing United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995)). Because we remand on other grounds, we do not reach this issue or the government's waiver argument.

## III. Conclusion

Accordingly, we remand to the district court for additional proceedings consistent with this opinion. The district court may grant a hearing and arrive at a sentence that is the same or different, but not greater, than the sentence previously imposed.

_____