**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4214**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

JUDE ELIGWE,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Peter J. Messitte, Senior District Judge.  (8:07-cr-00160-PJM-2)

———————

Submitted:  December 21, 2015          Decided:  January 5, 2016

———————

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

———————

Dismissed and remanded by unpublished per curiam opinion.

———————

Ruth J. Vernet, RUTH J. VERNET, LLC, Rockville, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Deborah Johnston, Assistant United States Attorney, Sumon Dantiki, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jude Eligwe appeals from the district court's judgment revoking his term of supervised release and sentencing him to four months' incarceration with no further supervised release. On appeal, Eligwe challenges one of the four violations that served as a basis for the revocation, and asserts that the sentence was plainly unreasonable. While this appeal was pending, Eligwe was released from imprisonment. As a result, the government asserts that Eligwe's appeal is moot. See United States v. Hardy, 545 F.3d 280, 284-85 (4th Cir. 2008) (noting that appellant's release from prison during pendency of appeal mooted challenge to revocation of supervised release and imposition of prison sentence). To avoid dismissal for mootness in this circumstance, a defendant has the burden of demonstrating a collateral consequence, "'some concrete and continuing injury,'" sufficient to meet Article III's case-or-controversy requirement. Id. at 283 (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). This burden is high, because "courts considering challenges to revocations of supervised release have universally concluded that such challenges also become moot when the term of imprisonment for that revocation ends." Id. at 284.

Eligwe argues that he has met his burden of showing the requisite injury because he is in the custody of U.S.

2

Immigration and Customs Enforcement and the outcome of this appeal is likely to have an impact on his immigration status. As this court has explained, "for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability." Townes v. Jarvis, 577 F.3d 543, 546-47 (4th Cir. 2009). For an injury to satisfy the redressability prong, it must be likely, as opposed to merely speculative, that the injury will be redressed by a decision in Eligwe's favor. Id. at 547. Given Eligwe's underlying conviction for conspiracy to commit bank robbery, we find that the likelihood that Eligwe will avoid removal by succeeding in this appeal to be speculative. Accordingly, he has failed to meet his burden of demonstrating a collateral consequence, and we dismiss his appeal as moot.

Eligwe also asserts that the district court's written judgment contains a clerical error. Specifically, the court orally found Eligwe in violation of four specific conditions of his supervised release. Two other potential violations were expressly not pursued by the government, yet the judgment reflects that one of those potential violations was mistakenly listed in the judgment under "Additional Violations." The violation in question alleged that Eligwe was issued a criminal citation in Anne Arundel County, Maryland for confining an

3

unattended child.  The government concedes this error, but asserts that Eligwe should seek correction by filing a motion under Fed. R. Crim. P. 36.  We find that the interests of judicial economy weigh in favor of remand from this court for correction of the judgment to remove this unpursued violation.

We therefore dismiss as moot and remand for correction of the clerical error in the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED AND REMANDED</u>