FILED
United States Court of Appeals
Tenth Circuit

January 10, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY HANS FORD,

Defendant - Appellant.

No. 16-3032
(D.C. No. 2:03-CR-20123-CM-TJJ-6)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MURPHY**, Circuit Judges.[**]

Timothy Hans Ford pleaded guilty to possession with intent to distribute

cocaine base within one thousand feet of an elementary school. Ford and the

government agreed to a non-binding plea agreement stipulating the drug quantity

attributable to Ford. The parties agreed that Ford's base offense level under the

United States Sentencing Guidelines should be determined according to that

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] Per the court's June 28, 2016 Order, the panel granted the Appellant's motion to waive oral arguments. This case was submitted on the briefs.

stipulated amount. Before sentencing, however, the Presentence Report (PSR) recommended a higher guidelines range of 262–327 months, based on a greater drug quantity than that set forth in the plea agreement, which would have produced a lesser guidelines range of 168–210 months.

The parties disputed which drug quantity and corresponding guidelines range the court should adopt, but ultimately agreed they would both accept a sentence within the lower range of 168–210 months. The district court sentenced Ford to 188 months' imprisonment, indicating in its written statement of reasons that it had adopted the PSR without change, determined the guidelines range was 262–327 months, and varied downward to a sentence to which the parties agreed.

In 2014, the Sentencing Commission adopted amendments to the guidelines (Amendments 782 and 788) that retroactively reduced base-offense levels corresponding to drug quantities. Ford then filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which allows courts to modify a defendant's term of imprisonment if the defendant was sentenced based on a guidelines range "that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Ford claimed he was eligible for a two-level sentence reduction under Amendment 782, because he was sentenced based on an agreement governing the applicable guidelines range. Ford also argued his 188-month

sentence was a guidelines sentence within the 168–210 months range, not a variance, and thus he was eligible for a reduction.

The district court disagreed and concluded Ford's sentence was the result of a downward variance from a guidelines range of 262–327 months. Because the two-level reduction would result in a new range of 210–262 months, which was still above Ford's existing 188-month sentence, Ford was legally ineligible for relief. Thus, the district court denied his motion for lack of jurisdiction. Ford appealed, arguing the district court's conclusion was based on a clearly erroneous factual finding—namely, that the sentencing court adopted the higher range and varied downward.

Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I. Analysis

We review the district court's denial of a motion for sentence reduction for an abuse of discretion. *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* A finding of fact "is clearly erroneous only 'if it is without factual support in the record or if [this] court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made.'" *United States v. Patron-Montano*, 223 F.3d 1184, 1188 (10th Cir. 2000) (alteration in original) (quoting *Manning v. United States*,

146 F.3d 808, 812 (10th Cir. 1998)). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety," we may not reverse, even if we would have weighed the evidence differently. *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985).

Courts may modify a defendant's term of imprisonment if the defendant was sentenced based on a guidelines range "that has been subsequently lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Amendment 782, the Sentencing Commission revised the Guidelines applicable to drug trafficking offenses by changing how the base offense levels incorporate the statutory mandatory minimum penalties. *See* U.S. Sentencing Guidelines Manual, app. C, Amend. 782 (U.S. Sentencing Comm'n 2014). And Amendment 788 makes Amendment 782 applicable retroactively. *See id.*, Amend. 788.

Any sentence reduction under § 3582(c)(2), however, must not result in a reduced term of imprisonment that is "less than the minimum of the amended guideline range." *See* USSG § 1B1.10. Thus, a defendant is eligible for a sentence reduction if (1) Amendment 782 is applicable and lowers the defendant's previously calculated guidelines sentencing range; and (2) the defendant did not previously receive a sentence at or below the bottom of the now-amended range.

Ford contends the district court erred in concluding he was legally ineligible for a § 3582(c)(2) sentence reduction, because the court based its denial of Ford's motion on a clearly erroneous factual finding: that his sentencing range was 262–327 months and his 188-month sentence was the result of a downward variance from that range. Ford believes the sentencing court adopted the parties' agreed-upon range of 168–210 months at the sentencing hearing, notwithstanding the written statement of reasons. The government, on the other hand, argues the court indicated orally and in the statement of reasons that it intended to impose a downward variant sentence. On this record, the government contends, the district court's factual finding is at least plausible—all that is required under clear-error review. We agree, because we find the sentencing court's written statement of reasons resolves any ambiguity in the court's oral pronouncements.

"It is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict." *United States v. Villano*, 816 F.2d 1448, 1451 (10th Cir. 1987). "When an orally pronounced sentence is ambiguous, however, the judgment and commitment order is evidence which may be used to determine the intended sentence." *Id.* (citations omitted); *see also United States v. Thomas*, 757 F.3d 806, 809–10 (8th Cir. 2014) (looking to written statement of reasons where the court's oral pronouncement was ambiguous as to the applicable sentencing range and basis for imposing the chosen sentence). In determining whether an

oral sentence is ambiguous, we consider "only the words used by the sentencing court in formally pronouncing a sentence." *United States v. Barwig*, 568 F.3d 852, 856 (10th Cir. 2009) (citing *Villano*, 816 F.2d at 1450–53, 1451 n.3). Most sentencing ambiguities can be resolved by reviewing the record, including the written judgment and commitment order, "to ascertain the intent of the sentencing judge and identify the terms of the sentence." *See United States v. May*, 52 F.3d 885, 893 (10th Cir. 1995). If the record, including the statement of reasons, does not resolve the ambiguity, "the best course of action is [to remand] to allow the district court the opportunity to clarify its intentions." *Thomas*, 757 F.3d at 810.

Here, the court's statements at the sentencing hearing were ambiguous as to the basis for the court's decision to impose a 188-month sentence. On the one hand, the court found the PSR was accurate. On the other hand, the court stated the 168–210-month range agreed to by the parties was sufficient to meet the sentencing purposes in § 3553(a). The court also referred to "the presentence investigation report as modified by the court and the previously stated findings." App., Vol. 2 at 53. Based on these conflicting oral pronouncements, it is unclear whether the court adopted the range in the PSR and varied downward or adopted the lower range and selected a 188-month sentence within that range.

Because the oral explanation for the sentence is ambiguous, we look to the record, including the written statement of reasons, to discern the court's intent in imposing the sentence. *Cf. May*, 52 F.3d at 893. The statement of reasons

resolves any ambiguity here: it makes clear that the court adopted the PSR "without change"; determined a total offense level of 34, criminal history category of VI, and guidelines imprisonment range of 262–327 months; imposed a sentence below that range; and did so for a reason other than a plea agreement or motion by the parties. Aple. Br. at 22. Thus, the district court's finding that the sentencing court adopted the guidelines range of 262–327 months and varied downward is, at the very least, plausible in light of the record. This is true especially when, as here, the reviewing court was also the sentencing court.

Nevertheless, Ford maintains the court could not have varied downward in imposing his sentence, because it never used the word "variance" at the sentencing hearing. But "we need not rely solely on the district court's isolated use of the terms 'variance' or 'departure' when the court's language is ambiguous and our reading of the entire record suggests a contrary conclusion." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222 (10th Cir. 2008). As explained above, in its statement of reasons the court expressly adopted the PSR "without change," determined the guidelines range to be 262–327 months, and imposed a sentence below that range. Echoing its comments from the sentencing hearing, the court further explained it selected the sentence because it "found this guideline range as agreed upon by the parties was a reasonable sentencing range to meet the purposes identified by 18 U.S.C. § 3553(a)." Aple. Br. at 22–23.

On this record, we cannot agree with Ford that the district court's finding that the sentencing court varied downward to a sentence of 188 months was clearly erroneous. Instead, the district court acted within its discretion when it held Ford was legally ineligible for a reduction.

## II. Conclusion

For these reasons, we AFFIRM the district court's denial of Ford's motion for sentence reduction for lack of jurisdiction.

Entered for the Court


Timothy M. Tymkovich
Chief Judge