# United States Court of Appeals
## For the Eighth Circuit
_____

No. 25-1071
_____

United States of America

*Plaintiff - Appellee*

v.

Walter Thornton, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: January 12, 2026
Filed: June 9, 2026
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Appellant Walter Thornton, Jr., was sentenced to 27 months' imprisonment and 3 years of supervised release after being convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D). After completing his term of incarceration, and after serving over two

years of supervised release, the Government sought to have Thornton's supervised release revoked, alleging that Thornton violated five separate conditions. After a hearing, the district court[1] revoked Thornton's supervised release and sentenced him to 18 months' imprisonment with no supervised release to follow. On appeal, Thornton challenges both the procedural soundness and substantive reasonableness of his revocation sentence and asserts that the written judgment conflicts with the oral pronouncements the district court made at sentencing. Because Thornton has been released from his term of imprisonment, we dismiss the portion of his appeal challenging his sentence as moot. However, we modify the written judgment to conform to the district court's oral pronouncement at the revocation hearing.

Thornton began serving his term of supervised release in August 2022. In October 2024, the Government filed a petition seeking revocation of supervised release. The Government alleged that Thornton violated three conditions of his supervised release by committing a new law violation, possessing a controlled substance, and by leaving the jurisdiction without approval. These violations all stemmed from a traffic stop by West Helena, Arkansas Police where Thornton was alleged to have illegally possessed a controlled substance, fled from law enforcement into neighboring Mississippi, failed to comply with a lawful order, and tampered with physical evidence. Then, in January 2025, the Government filed a superseding petition alleging that Thornton committed five supervised release violations: the same three violations alleged in the original petition and two new violations of failing to notify his probation officer when he moved out of his residence and when he was terminated from his employment.

At the revocation hearing, Thornton admitted to the fleeing allegation and to entering Mississippi while fleeing but denied that he possessed a controlled substance or tampered with evidence. Thornton also denied the alleged violations related to his residence and employment, asserting that he had not officially changed

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

residences despite spending most nights at his girlfriend's residence and that he was on leave from work and had not been terminated. The Government declined to pursue the alleged violation relating to his employment but put on evidence regarding the incident involving the West Helena Police Department to prove that Thornton possessed a controlled substance and tampered with evidence. The district court ruled against the Government on the controlled substances violation but found that the record sufficiently supported the fleeing allegation, and revoked Thornton's supervised release. The district court then calculated Thornton's United States Sentencing Guidelines range at 6 to 12 months' imprisonment, with a term of supervised release of not more than three years, minus any term of imprisonment.

The district court ultimately imposed a sentence of 18 months' imprisonment, with no period of supervision to follow. The district court's written judgment stated that Thornton admitted to both leaving the jurisdiction and moving residences without notifying his probation officer, despite Thornton's denial of the residence violation. Further, the judgment stated that Thorton was found guilty of both the new law and controlled substance violations, despite the fact that the district court ruled against the Government with respect to the controlled substance violation.

On appeal, Thornton asserts that the district court committed procedural error, imposed a substantively unreasonable sentence, and issued a written judgment that conflicts with the oral pronouncements at sentencing. According to Bureau of Prisons records, Thorton was released from custody on January 2, 2026, and this appeal was submitted on January 12, 2026. Thorton's challenge to his revocation sentence is thus moot. See United States v. Aden, 830 F.3d 812, 816-17 (8th Cir. 2016).

However, we may still consider Thornton's contention that the district court's written judgment conflicts with the oral sentence pronounced at the revocation hearing and that the written judgment must be amended. See United States v. Eligwe, 627 F. Appx. 263, 264 (4th Cir. 2016) (per curiam) (dismissing appeal of revocation sentence as moot where defendant had been released from imprisonment

but remanding to district court to correct clerical error in written judgment regarding which provisions of supervised release defendant violated). "It is well settled . . . that a district court's oral sentence controls when it conflicts with the written judgment." United States v. Thomas, 757 F.3d 806, 809 (8th Cir. 2014) (alteration in original) (citation omitted). Here, the district court stated that it was finding against the Government on its allegation that Thornton violated a mandatory condition of supervised release by possessing a controlled substance. Further, after Thornton denied the allegation relating to the standard condition requiring him to notify his probation officer of a change in residence, the Government did not put on any evidence to prove this violation, nor did the district court make any finding as to this allegation. However, the written judgment states that Thornton admitted to violating the condition relating to his residence and was found guilty of violating the condition related to possession of a controlled substance. The written judgment thus directly conflicts with the district court's oral pronouncement of the revocation sentence. However, "[a] remand to the district court is unnecessary when we can 'correct the error ourselves.'" United States v. Henderson, 902 F.3d 822, 828 (8th Cir. 2018) (citation omitted). Here, remand is unnecessary, and we modify the judgment to conform with the oral pronouncement of the sentence at the revocation hearing.

For the foregoing reasons, we dismiss the portion of the appeal challenging Thornton's sentence as moot, but we modify the revocation judgment to accurately reflect that Thornton admitted guilt only to knowingly leaving the authorized residential district (Standard Condition 3) and was adjudicated guilty of only violation of another federal, state, or local crime (Mandatory Condition 1) after denial of guilt.

STRAS, Circuit Judge, concurring in part and dissenting in part.

With neither prison time nor supervised release left to serve, Thornton's challenge to the revocation judgment is just as moot as his challenge to the sentence, so I would dismiss across the board. *See United States v. Stanko*, 762 F.3d 826, 828

(8th Cir. 2014) ("To maintain a lawsuit, the challenger must establish 'continuing collateral consequences' from the revocation." (quoting *Spencer v. Kemna*, 523 U.S. 1, 8 (1998))).

_____