# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2580
_____

United States of America

*Plaintiff - Appellee*

v.

Stanford C. Griswold

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 24, 2024
Filed: February 7, 2024
[Unpublished]
_____

Before GRUENDER, SHEPHERD, and KOBES, Circuit Judges.
_____

PER CURIAM.

Stanford Griswold appeals the within-Guidelines-range sentence the district court[1] imposed after he pled guilty to being a felon in possession of a firearm

_____

[1]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

pursuant to a written plea agreement containing an appeal waiver. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging, inter alia, the voluntariness of Griswold's plea and his sentence. Griswold has filed a pro se brief challenging his plea, his sentence, and his counsels' effectiveness; as well as a motion to proceed pro se.

We conclude that Griswold's involuntary-plea claim is not cognizable on direct appeal because he did not move below to withdraw his guilty plea. *See United States v. Washington*, 515 F.3d 861, 864 (8th Cir. 2008) (stating that a claim that a plea was involuntary or unknowingly entered is not cognizable on direct appeal where the defendant failed to move in the district court to withdraw the guilty plea). In addition, we decline to consider Griswold's ineffective-assistance claim on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (establishing that ineffective-assistance claims are usually best raised in collateral proceedings where the record can be properly developed).

We further conclude that the appeal waiver is valid, enforceable, and applicable to Griswold's challenges to his sentence. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver); *United States v. Andis*, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw, deny Griswold's motion to proceed pro se as moot, and dismiss this appeal.

_____